■ RICHARD SHAKERLEY et al., Appellants, v ST. PETER'S HOSPITAL et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Harlem, J.), entered December 10, 1981 in Albany County, which dismissed the complaint and denied the motion of plaintiffs' attorney to withdraw as counsel for plaintiffs. This is a medical malpractice action commenced in November, 1979. On September 11, 1980, an order was granted pursuant to CPLR 3124 compelling plaintiffs to execute and deliver certain medical authorizations. On September 4, 1980, the defendant hospital served a notice to take the oral depositions of plaintiffs together with a notice of discovery and inspection. The individual defendants also served a notice of examination before trial. These notices were never complied with despite adjournments. Defendants eventually moved for an order dismissing the complaint pursuant to CPLR 3124 and 3126 for the willful failure of plaintiffs to disclose. Special Term granted the dismissal of the complaint relying on CPLR 3216, finding that plaintiffs unreasonably neglected to proceed in the prosecution of the action. On this appeal, it is argued that the order entered at Special Term should be reversed because defendants failed to serve the required 90-day demand to file a note of issue, a condition precedent before the court can order a dismissal of the complaint under CPLR 3216 (subd [b], par 3). Although Special Term granted dismissal wrongly relying on CPLR 3216, we nevertheless affirm. On these facts, plaintiffs have demonstrated a willful failure to disclose information and the severest sanction of dismissal permissible under CPLR 3126 is appropriate. Plaintiffs, by their actions and conduct have indicated an abandonment of their litigation. Under these circumstances, a conditional order of dismissal would serve no useful purpose. We find no error in Special Term's denial of the rather belated motion of plaintiffs' attorney to withdraw as counsel, as moot. We note counsel's moving papers also requested a further delay in the proceedings to enable plaintiffs to obtain new counsel. Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.