■ ELIZABETH J. NOLAN, Respondent, v JAMES A. NOLAN, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from (1) a judgment of the Supreme Court, Nassau County (Levine, J. H. O.), dated October 20, 1986, which granted him a divorce and incorporated, but did not merge, the terms of the parties' stipulation of settlement; and (2) an order of the same court (Balletta, J.), dated March 13, 1987, which denied his motion to set aside the judgment of divorce.

Ordered that the appeal from the judgment dated October 20, 1986 is dismissed, as it was entered upon the parties' stipulation of settlement and is in favor of the defendant (see, CPLR 5511; Baecher v Baecher, 95 AD2d 841); and it is further,

Ordered that the order dated March 13, 1987 is affirmed; and it is further,

Ordered that the plaintiff wife is awarded one bill of costs.

The Supreme Court did not err in denying the defendant's motion to vacate the parties' judgment of divorce. In the first instance, contrary to the defendant's contention, the entry of the judgment of divorce more than 60 days after the court's decision did not constitute an abandonment of the action since "good cause" existed for the delay (see, 22 NYCRR 202.48 [a], [b]). In fact, the record indicates that the lengthy delay was directly related to the defendant's dilatory tactics. Moreover, the defendant's unsubstantiated claims of fraud and coercion are insufficient to warrant setting aside the judgment of divorce. Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.