■ In the Matter of the Estate of MARGARET GERMAIN, Deceased. RICHARD P. POULIN, Appellant; MONROE LOVINGER, Respondent.—Yesawich, Jr., J. Appeal from an order of the Surrogate's Court of Franklin County (Plumadore, S.), entered May 21, 1987, which, inter alia, denied petitioner's motion to prevent the submission and signing of a proposed order denying substituted service of citation with respect to the probate of an instrument claimed to be decedent's 1979 will.

In January 1985, a purported last will and testament of decedent, Margaret Germain, dated May 3, 1974 (hereinafter the Lovinger will) was offered for probate in Franklin County by respondent, the executor named therein. On February 26, 1985, petitioner filed with the Franklin County Surrogate's Clerk a purported last will and testament of decedent dated December 14, 1979 (hereinafter the Poulin will). In a covering letter, petitioner's counsel asked that the Poulin will be held pending the filing of a probate petition in the first week of

March and also announced an intention to file an objection to the probate of the Lovinger will. On March 16, 1985, no other probate petition having been filed (allegedly because of financial constraints) and no formal objections having been registered against the Lovinger will, Surrogate's Court admitted it to probate. Petitioner's timely appeal from the decree of Surrogate's Court was ultimately dismissed by this court 22 months later due to petitioner's default in perfecting the appeal.

In the meantime, in April 1985, petitioner was served with a show cause order based upon respondent's petition charging petitioner and his wife with having fraudulently obtained property of the decedent. In addition to responding to the show cause order, petitioner filed an application for letters of administration with the Poulin will annexed. Although a citation was issued on June 4, 1985, it was not until some 19 months later, on January 5, 1987, that petitioner undertook to make an ex parte application for an order authorizing substituted service on four of the individuals named in the original citation whom petitioner had been unable to serve. Upon receipt of this application, Surrogate's Court suggested that a supplemental citation might be available and solicited counsels' views, after which, by letter dated February 12, 1987, the court advised that it declined to exercise its discretion to authorize further service, for petitioner's appeal from the decree admitting the Lovinger will to probate had been dismissed as of January 12, 1987 and because of "other attendant circumstances". On February 25, 1987, petitioner inquired of Surrogate's Court whether an order embodying the content of the court's February 12, 1987 letter would be issued. The Surrogate's law clerk thereupon wrote respondent asking that such an order be submitted. Respondent complied on May 12, 1987. Petitioner thereupon objected to the order being signed because its submission was untimely (see, 22 NYCRR 207.37 [a]) and, alternatively, asked Surrogate's Court to reconsider its February 12, 1987 decision. On May 21, 1987, the court rejected petitioner's objections and signed the proposed order. Petitioner appeals from the May 21, 1987 order and decision, charging that Surrogate's Court abused its discretion and committed an error of law by denying petitioner's application for the issuance of a supplemental citation and asserting further that, by signing the order, the court violated the Uniform Rules for Trial Courts (22 NYCRR 207.37). We affirm.

The relevant sections of the rule at issue read as follows:

"(a) Proposed orders or judgments, with proof of service on

all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, within 60 days after the signing and filing of the decision directing that the order be settled or submitted.

"(b) Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or proceeding unless for good cause shown" (22 NYCRR 207.37).

As Surrogate's Court aptly observed, the "deemed abandoned" provision of subdivision (b) is directed at "winners"; it applies only to successful parties in the case of an action or proceeding, and successful movants in the case of a motion, who abandon their victories (see, NY State Law' Digest, The New Time Limit on Submitting Judgments and Orders, No. 326, Feb. 1987, at 1; cf., Hickson v Gardner, 134 AD2d 930). The provisions of the rule are clearly inapplicable here for in the instant matter petitioner was the "loser", having unsuccessfully petitioned the court not to sign a proposed order denying substitute service with respect to the Poulin will.

Nor do we find any substance in petitioner's contention that Surrogate's Court misused its authority. Issuance of supplemental process is within the province of the court's discretion (see, SCPA 312) and, while such process is normally issued as a matter of course, the special circumstances in the case at hand furnish ample basis for Surrogate's Court to have acted otherwise. Given that petitioner allowed his appeal from the decree admitting the Lovinger will to probate to lapse and that he did not seek substituted service of citation until 19 months after the original citation was issued, and then only on the eve of a discovery proceeding instituted against petitioner by respondent, we are loathe to find fault with the manner in which the court exercised its discretion.

Order affirmed, without costs. Casey, J. P., Yesawich, Jr., Harvey and Mercure, JJ., concur.