■ LOIS G. SEEMAN, Respondent, v IRWIN SEEMAN, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated April 10, 1979, the defendant appeals from an order of the Supreme Court, Nassau County (Wager, J.), dated March 10, 1988, which, *inter alia,* denied that branch of the defendant's motion which was for reimbursement for improvements made to the marital residence, and granted the plaintiff wife's cross motion, *inter alia,* for upward modification of the maintenance provision of the judgment of divorce.

Ordered that the order is reversed, on the law, without costs

or disbursements, and the motion and cross motion are dismissed as abandoned.

Nearly six years after the parties were divorced, the defendant husband moved, *inter alia,* to vacate that portion of the judgment of divorce which awarded the plaintiff exclusive occupancy of the marital residence, to compel sale of those premises, and for reimbursement for the cost of repairs and improvements made to the premises at his expense. The plaintiff wife cross-moved, *inter alia,* for upward modification of the maintenance provision of the judgment of divorce and for counsel fees.

In a memorandum decision dated February 14, 1986, the Supreme Court denied the defendant husband's motion and granted the plaintiff wife's cross motion to the extent of awarding her upward modification of maintenance and counsel fees. The memorandum decision directed that the plaintiff "Settle order on notice". However, no order was submitted by the plaintiff's attorney until February 1988. The defendant husband protested entry of the order, contending that pursuant to 22 NYCRR 202.48 the plaintiff's cross motion should be dismissed as abandoned. The plaintiff's attorney then submitted an affirmation in which he explained that he had timely prepared the order, but that he had "forgotten" the order and had inadvertently misplaced the case file. We note that although the court signed the order without making any express ruling on the issue of timeliness, the order did provide that in view of the extended delay in the submission of the order by the plaintiff's counsel, the defendant is "granted the right to move to modify this order retroactively". Thus, the court implicitly excused the delay.

We hold that the court erred in excusing the extended delay involved here, and therefore, reverse and dismiss the motion and cross motion resolved by the February 14, 1986 memorandum decision as abandoned. It is provided in 22 NYCRR 202.48 that:

"(a) Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted.

"(b) Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown".

This rule is directed to movants who are successful *(see, Matter of Germain,* 138 AD2d 918; *Hickson v Gardner,* 134 AD2d 930). In the instant case, the plaintiff was clearly the successful party, and it was incumbent upon her attorney to submit a proposed order within 60 days. However, he did not do so until some two years after the filing of the memorandum decision. His explanation that he misplaced the file can only be characterized as law office failure *(see, Eaton v Equitable Life Assur. Socy.,* 56 NY2d 900). Although a court may excuse defaults resulting from law office failure, there is no requirement that a default will be excused in all cases *(see, De Leo v Bertucci,* 98 AD2d 708). An excuse that the case file was "misplaced" and "forgotten" is not good cause shown for a delay of over two years *(see, Hickson v Gardner, supra; Grosso v Hauck,* 99 AD2d 750; *cf., Nolan v Nolan,* 137 AD2d 799). Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.