■ ROBERT A. DAMORE et al., Appellants, v HELMSLEY PALACE, INC., Respondent and Third-Party Plaintiff, and JULIEN & SCHLESINGER, P. C., Appellant. MORSE DIESEL, INC., Third-Party Defendant and Fourth-Party Plaintiff-Respondent; THREE RIVERS ALUMINUM CO., INC., et al., Fourth-Party Defendants-Respondents.—Judgment, Supreme Court, New York County (Irma Vidal Santaella, J.), entered February 22, 1989, which dismissed the complaint and dismissed the third- and fourth-party complaints as moot, unanimously affirmed, without costs.

Where this personal injury action had been pending since 1982 and plaintiffs had relocated without advising their attorney of their whereabouts, it was not an abuse of the IAS

court's discretion under 22 NYCRR 202.27 (2) to dismiss the complaints where it appears that plaintiffs' attorneys were unable at numerous court appearances, to comply with discovery requests or otherwise prosecute their action because of their inability, despite diligent efforts, to locate or communicate with their clients. Nor was it error, under the circumstances, for the court not to entertain counsel's proposed order to show cause to withdraw and for a 60-day stay of these actions. *(See, Shakerley v St. Peter's Hosp.,* 91 AD2d 759.) Concur—Kupferman, J. P., Ross, Asch, Kassal and Smith, JJ.