■ DAVID TULLER, Respondent, v NANCY TULLER, Appellant. —Kane, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Benson, J.), entered January 31, 1989 in Dutchess County, which granted plaintiff's motion to deem the action abandoned.

In August 1984, plaintiff commenced this action in which both parties sought, *inter alia,* a judgment of divorce. Plaintiff later withdrew his complaint and the matter went to trial on defendant's counterclaims. By decision filed February 20, 1987, Supreme Court granted defendant, *inter alia,* a divorce, support, maintenance and equitable distribution, and directed the submittal of a judgment on notice in accordance with its decision. Defendant's counsel thereafter requested a conference with the court to clarify part of the decision. The conference occurred in March 1987 and, although defendant's counsel apparently indicated he would fashion a remedial motion, none was forthcoming. Defendant eventually submitted a judgment of divorce in October 1988. Plaintiff thereafter moved for an order deeming the court's decision abandoned by reason of defendant's failure to submit the judgment thereon for signature within the prescribed 60 days *(see,* 22 NYCRR 202.48). Defendant opposed the motion, pointing to a lack of prejudice to plaintiff and arguing that because the decision was confusing "it was extremely difficult to submit our Final Judgment". Supreme Court found defendant's explanation insufficient and granted plaintiff's motion. Defendant now appeals.

We affirm. The sole issue before us is whether defendant's late submission of the proposed judgment is excusable. The pertinent rule requires that proposed judgments "must be submitted for signature, unless otherwise directed by the court, within 60 days after signing and filing of the decision directing that the order be settled or submitted" (22 NYCRR 202.48 [a]). Failure to comply "shall be deemed an abandonment of the * * * action, unless for good cause shown" (22 NYCRR 202.48 [b]; *see, Seeman v Seeman,* 154 AD2d 584). Although signing an untimely order or judgment is within the discretion of the court *(see, Town of Virgil v Ford,* 160 AD2d 1073), the party submitting it bears the burden of establishing

the requisite "good cause" for delay *(see, Stanley v City of New York,* 157 AD2d 466, 467). Demonstrating lack of prejudice to the other side does not constitute good cause *(see,* Siegel, NY St L Dig, No. 326, Feb. 1987). Likewise, in the case at bar, we cannot find good cause in the alleged confusion or difficulty that defendant's counsel encountered in drawing a judgment upon Supreme Court's decision. The case involved a fairly typical matrimonial action and we find nothing in Supreme Court's 14-page decision that would require the approximately 20 months that defendant's counsel took to submit the judgment. Although we recognize with regret the burden imposed on defendant by abandonment, Supreme Court's order is well within the parameters of its discretion and should be affirmed.

Order affirmed, without costs. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.