■ WILLIAM BENSON, Appellant, v BOSTON OLD COLONY INSURANCE COMPANY, Respondent.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered August 30, 1989, which, *inter alia,* denied plaintiff's motion to settle an order based on a decision dated November 24, 1981 and granted defendant's motion for summary judgment, is unanimously affirmed with costs.

On December 6, 1975, plaintiff, a pedestrian, was struck by an automobile insured by the defendant. He applied for and received no-fault benefits for various periods between December 6, 1975 and January 1, 1977. Payments of those no-fault benefits were limited to $800 per month.

Plaintiff sought additional no-fault benefits for the period of June 6, 1977 to December 6, 1978. After an arbitrator for the American Arbitration Association denied plaintiff's application for additional no-fault benefits, plaintiff sought to vacate the arbitrator's decision. His application was denied in a decision by the Supreme Court, dated November 24, 1981, which also directed that an order be settled. No order was ever settled pursuant to the 1981 decision. Plaintiff, however, did seek reargument on four occasions and each time his motion was denied.

In 1980 the Court of Appeals determined that under Insurance Law § 671 (now § 5102) a covered person who sustained lost earnings of more than $1,000 per month could recover, as first-party benefits, 80% of actual lost earnings up to $1,000 per month rather than $800 per month. *(Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451.) In 1982 the Court of Appeals held that *Kurcsics* should be given retroactive effect. *(Gurnee v Aetna Life & Cas. Co.,* 55 NY2d 184.)

Despite the decisions of the Court of Appeals which support plaintiff's position on the merits and despite the fact that it was defendant, as the successful party, who normally would

have settled an order following the 1981 decision *(see,* Uniform Rules for Trial Cts, 22 NYCRR 202.48; *Seeman v Seeman,* 154 AD2d 584, 585 [2d Dept 1989]; *Matter of Germain,* 138 AD2d 918, 919-920 [3d Dept 1988], *lv dismissed* 72 NY2d 952 [1989]), plaintiff's delay for eight years in seeking to change that decision by appeal has not been shown to be reasonable. Thus plaintiff cannot now settle an order based on the November 24, 1981 decision. Concur—Sullivan, J. P., Carro, Milonas, Smith and Rubin, JJ.