■ AETNA CASUALTY & SURETY COMPANY, Appellant, v F & F MAINTENANCE, INC., et al., Defendants, and JAMES E. BRADLEY et al., Respondents.—Yesawich, Jr., J. Appeal from that part of an order of the Supreme Court (Prior, Jr., J.), entered October 6, 1989 in Albany County, which directed an inquest on the issue of liability.

Plaintiff instituted this action to recover money paid pursuant to a performance bond. Defendants had agreed to indemnify plaintiff for any loss it sustained in furnishing the bond. Thereafter, an action was commenced seeking recovery under the performance bond, for which plaintiff issued a settlement check in the amount of $43,500. Additionally, plaintiff incurred $2,965 in legal fees.

When plaintiff's demands for reimbursement were ignored, it instituted this action. Two of the indemnitors, defendants James E. Bradley and Blanche M. Bradley (hereinafter collectively referred to as defendants), failed to answer and plaintiff

moved for a default judgment against them. Defendants successfully opposed the motion and submitted a proposed order to that effect, which Supreme Court signed on June 2, 1988. That order, however, was never entered. Inasmuch as defendants did not enter an order reflecting the relief obtained by them, namely, permission to serve an answer to the complaint, on January 30, 1989 plaintiff moved again for a default judgment. Defendants, even on appeal, failed to oppose that motion. Supreme Court thereupon granted plaintiff's motion to the extent of declaring defendants in default but referred both the issues of liability and damages for an inquest. Plaintiff urges on appeal that only the issue of damages should have been referred for a hearing. We agree.

Defendants' failure to explain their neglect in not entering the order denying plaintiff's first motion for a default judgment and to interpose any opposition to the instant motion makes it apparent that defendants have abandoned the relief that was granted them (22 NYCRR 202.48; *see,* CPLR 2220 [a]; Siegel, 1988 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2220:1 [1990 Pocket Part], at 37; *compare, Nolan v Nolan,* 137 AD2d 799). Plaintiff is accordingly entitled to a default judgment.

Because plaintiff's verified complaint sets forth a valid indemnity cause of action for which relief may be granted and defendants by their default admit liability *(see, Muhlhahn v Triple Cee Bar & Rest. Supply Co.,* 133 AD2d 996, 997), a hearing on the issue of liability is unnecessary.

Order modified, on the law, with costs to plaintiff against counsel for defendants James E. Bradley and Blanche M. Bradley, by reversing so much thereof as directed the issue of liability be referred for an inquest, and, as so modified, affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.