■ CATHERINE A. MADIGAN, Respondent, v THEODORE KLUMPP, JR., Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated January 22, 1990, which granted the plaintiff wife's motion to strike a proposed judgment and to dismiss the action and the defendant's counterclaim.

Ordered that the order is affirmed, with costs.

Trial of this matrimonial action, during which the husband evidently succeeded on his counterclaim for divorce, focused on the financial aspects of the parties' relationship. In that regard, the husband successfully defended against the wife's claim for the appreciated value of his separate property and successfully obtained substantial credits against proceeds of the sale to be had of jointly-held marital property. Although

the Supreme Court in its lengthy decision after trial directed that a judgment be submitted on notice, no proposed judgment was forthcoming until 18 months later when the husband served a notice of settlement and submitted a proposed judgment. In response, the wife moved to strike the proposed judgment on the ground that the action was "deemed abandoned" pursuant to 22 NYCRR 202.48 (b) on account of husband's failure to submit a judgment within 60 days of issuance of the decision as required by 22 NYCRR 202.48 (a).

We conclude that it was incumbent upon the husband to show good cause for the delay in seeking a conclusion to the action by submitting a proposed judgment *(cf., Tuller v Tuller,* 162 AD2d 801; *Seeman v Seeman,* 154 AD2d 584; *see also, Hickson v Gardner,* 134 AD2d 930). Although there were postdecision applications for reargument, upon which the husband achieved some success, submission of the proposed judgment by the husband, who made no demand that the wife prepare a judgment *(cf., Hickson v Gardner, supra),* was in any event untimely by almost a year. The husband's only explanation for the delay was his belief that preparing the judgment was the wife's obligation. Since this excuse does not constitute "good cause" (22 NYCRR 202.48 [b]; *see, Tuller v Tuller, supra; Seeman v Seeman, supra),* the order granting the wife's motion was well within the parameters of the discretion afforded to the Supreme Court to grant or deny the requested relief *(see, Tuller v Tuller, supra),* and we decline to disturb it. Harwood, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.