*469 OPINION OF THE COURT
William H. Keniry, J.
The sole issue presented is whether the plaintiff’s action should be dismissed based upon the plaintiff’s failure to timely submit an order for the court’s signature as required by section 202.48 of the Uniform Rules for Trial Courts (22 NYCRR 202.48).
This medical malpractice action was commenced in 1985. The case has not progressed past the pleading stage and little, if any, discovery has occurred. Defendant successfully moved for dismissal of the action (see, Wieland v Moss, Sup Ct, Rensselaer County, March 31, 1990, Keniry, J.). An order implementing that decision was entered June 29, 1990. Plaintiff thereafter sought leave to reargue the motion resulting in the dismissal and her motion was granted by decision of the court (Wieland v Moss, Sup Ct, Rensselaer County, Sept. 28, 1990, Keniry, J.). The court granted reargument "upon the condition that the sum of $250.00 be paid personally by plaintiff’s attorney to the defendant within 30 days of entry of the order herein” and "upon reargument and consideration of the merits of the defendant’s motion to dismiss (assuming that the sanction is paid), the defendant’s motion is denied without costs”. Plaintiff was directed "to submit order”. A proposed order implementing the court’s decision has never been submitted by plaintiff.
On February 18, 1991, some 4 Vi months after reargument was granted, defendant moved for an order deeming the plaintiff’s successful motion to reargue to be abandoned and in effect, reaffirming the court’s order entered June 29, 1990 which dismissed the action.
The plaintiff opposes the motion. Plaintiff’s attorney also cross-moves for an order granting him leave to withdraw as the attorney for the plaintiff and staying all proceedings to permit the plaintiff adequate opportunity to secure substitute counsel.
Plaintiff’s attorney, in opposition, alleges that shortly after the court’s issuance of its decision on September 28, 1990 he was contacted by another attorney who stated that plaintiff Dorine Wieland requested that said other attorney review the file with a view to taking over the prosecution of the action. According to plaintiff’s attorney, at least two attorneys thereafter reviewed the file. Plaintiff’s attorney contends that it was not until the instant motion by defendant was made that *470 he checked with the other attorneys and was informed representation of the plaintiff by other attorneys had been declined. Plaintiff’s attorney then contacted plaintiff and requested that she redeliver the file to him. In support of his cross motion to withdraw, plaintiff’s attorney contends that he is now employed by a law firm which has declined to be substituted as plaintiff’s attorney.
Section 202.48 of the Uniform Rules for Trial Courts states:
"(a) Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted.
"(b) Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown.”
Plaintiff has failed to timely submit an order. Her motion to reargue is to be deemed abandoned unless the court finds, in its discretion, that "good cause” has been shown to excuse the failure (see, Town of Virgil v Ford, 160 AD2d 1073). Absent a showing of "good cause”, the failure to timely submit an order constitutes an abandonment of any relief granted by the court’s decision of September 28, 1990. (Tuller v Tuller, 162 AD2d 801; Aetna Cas. & Sur. Co. v F & F Maintenance, 168 AD2d 876.)
In reviewing the long history of the action which is replete with indications that the plaintiff was less than diligent in the prosecution of this action and based upon the court’s decision of September 28, 1990, which specifically pointed out the plaintiff’s lack of diligent prosecution, the court reluctantly concludes that plaintiff has failed to demonstrate good cause for failing to comply with the requirements of section 202.48. Plaintiff’s attorney recognized the significance of the 60-day provision but failed to insure that an order was timely submitted. The excuse that plaintiff was seeking a review of the file by other potential counsel is not adequate. Indeed, it was not until the defendant’s motion was made that plaintiff’s attorney inquired into the status of the matter and first learned that reviewing counsel had declined to accept the claim some three months prior thereto.
Although the result is harsh, the facts warrant that the defendant’s motion be granted without costs.
*471 The plaintiffs attorney’s cross motion is likewise denied. Under the circumstances, the court will not condone a belated effort to withdraw from a case (see, Damore v Helmsley Palace, 157 AD2d 518; Shakerley v St. Peter’s Hosp., 91 AD2d 759). The court notes that the cross motion to withdraw is procedurally flawed (see, CPLR 321 [b]). There is no proof that such cross motion was served upon the plaintiff.