■ THOMAS ACKERSON, Respondent, v SAL STRAGMAGLIA et al., Appellants.—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered September 4, 1990, which denied defendants' motion to vacate a default judgment against them, unanimously modified, on the law, the facts and in the exercise of discretion, without costs, and the motion is granted to the extent of permitting a trial on the merits, while permitting the judgment to stand as security pending final disposition of the action.

Plaintiff commenced an action in February, 1979 alleging that in April, 1978 defendant Sal Stramaglia (sued under the name Stragmaglia) and his wholly owned corporation, Pace Communications Corp., received from plaintiff 230 color photographic transparencies, but failed to return them. No written agreement or receipt was executed by the parties to memorialize this transaction, although the transparencies were allegedly valued at $345,000, or $1,500 each.

Defendants retained the law firm of Lauritano & Schlacter to defend the action, and the case was assigned to an associate, Howard R. Staller. Defendants' answer denied ever having received the transparencies, which contention was confirmed by Stramaglia at his deposition on December 8, 1980.

On August 25, 1981, after three requests by plaintiff for production of documents and the signed transcript of Stramaglia's deposition, plaintiff moved to strike defendants' answer. On September 15, 1981, the court granted the motion to strike "on consent unless the pre-trial discovery sought by the plaintiff is completed within 30 days". It appears that by the Fall of 1981, Staller had left the Lauritano firm, as his letter to plaintiff's counsel, which accompanied the deposition transcript, was handwritten and on a letterhead reflecting a different address. Plaintiff's attorney thereafter dealt with Staller at the new address because "Mr. Staller told me verbally he was the sole attorney for the defendants."

On July 13, 1982, Special Term granted plaintiff's motion to restore the action to the trial calendar, without opposition from Staller, thus effectively waiving defendants' right to depose the plaintiff. Plaintiff's counsel thereafter sent three written notifications to Staller advising him to appear for pre-trial conference, but Staller did not appear, and the court thereupon set the matter down for inquest. On January 3, 1983, the action was tried on inquest before Justice Tyler.

Staller did not appear at the inquest, and a decision directing entry of a default judgment of $345,000 against defendants was signed on March 30, 1983. Thereafter, a default judgment for $474,747.55, which included interest and costs, was entered on June 27, 1983. The record does not reflect that the judgment with notice of entry was ever served upon defendants or Mr. Staller.

On June 9, 1983, this court suspended Mr. Staller from the practice of law, observing that during the period July, 1982 through February, 1983, Staller had ignored or frustrated attempts by the Departmental Disciplinary Committee (DDC) to obtain an explanation of two unrelated charges of conversion. Staller asserted in that matter that personal pressures had brought him to the verge of a nervous breakdown (Matter of Staller, 94 AD2d 119). On November 29, 1984, this court disbarred Mr. Staller, noting his continuing failure to cooperate with the DDC, and "indisputable evidence that respondent was engaged in the practice of law fully six weeks after this court had ordered his suspension of practice." (Matter of Staller, 104 AD2d 116, 117.)

Staller's suspension and subsequent disbarment, his extended failure to cooperate with the DDC, and his continued unauthorized practice of law after his suspension, all occurring during the period pertinent to this appeal, give credence to defendants' assertions, in their motion to vacate the substantial judgment against them, that Mr. Staller did not advise his clients of his defaults in attending the pre-trial conference and the inquest. Moreover, Staller did not notify Stramaglia that he had been suspended and disbarred; he did not advise Stramaglia to obtain substitute counsel; and he did not move the Supreme Court for leave to withdraw from the action.

Stramaglia did not find out about the default judgment until December 1987, when he tried to sell his Connecticut home, and discovered that a lien had been placed on it. When confronted with the default judgment, Staller told Stramaglia that he would move to vacate the default judgment, still concealing the fact of his disbarment, and assured Stramaglia that a favorable decision would be forthcoming. As it turned out, no motion was made by Staller to vacate the default judgment, further contributing to the extensive delay in bringing the facts to the court's attention.

It was not until February, 1989 that Stramaglia learned that Staller had been disbarred, and that he had not moved to vacate the default judgment. In the interim, due to Staller's

malpractice, Stramaglia lost his New York apartment and thousands of dollars of professional equipment, and was forced into bankruptcy. Stramaglia petitioned the U.S. Bankruptcy Court for the District of New Jersey to set aside the default judgment, but the court ruled on September 19, 1990 that it was bound by the judgment.

On July 22, 1990, after experiencing great difficulty in retaining new counsel, because Stramaglia had no funds for a retainer, defendants moved to vacate the default judgment, setting forth the facts as summarized above, which were not controverted by plaintiff in any essential respect. The Supreme Court denied the motion on the ground that defendants had not adequately explained the seven year delay in bringing the motion. A motion for reargument was granted, but the court adhered to its previous determination. Defendants appeal from both orders.

CPLR 5015 (a) (1) permits a court which rendered a judgment or order to relieve a party from it upon such terms as may be just, "if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party". As the record does not indicate that a copy of the judgment with notice of entry was ever served upon defendants or their counsel, the one-year period has no bearing upon a determination of the defendants' motion.

This court has observed that "a strong public policy exists in this State for resolving disputes on their merits, and toward that end a liberal policy has been adopted with respect to opening default judgments in furtherance of justice so that parties may have their day in court" (Picinic v Seatrain Lines, 117 AD2d 504, 508). "It is the client who is punished by denial of its day in court, not the attorney, and a malpractice action against the attorney may not provide an adequate substitute." (Magie v Fremon, 162 AD2d 857, 858.) This latter observation, by the Appellate Division, Third Department, has particular significance to the circumstances presented herein.

The default in this case was entirely unintentional with respect to the defendants, who were victimized by a faithless attorney over an extended period of time, with disastrous financial consequences to them. Also pertinent to our determination is the somewhat dubious circumstance whereby plaintiff allegedly turned over to defendants a collection of photographic transparencies purportedly worth $345,000, without any writing or receipt to memorialize the transaction, and the

defendants' consistent and unequivocal assertion that the transparencies were never received.

This court need not find an abuse of discretion in order to modify the orders appealed from herein, but may substitute its own discretion even in the absence of abuse *(Brady v Ottaway Newspapers,* 63 NY2d 1031). Moreover, we have held it to be " 'an abuse of discretion and an unduly harsh penalty * * * to deny vacatur of [an] unintentional default' ". *(Seijas v Rawhide Ranch,* 99 AD2d 739, 740.) In any event, the defendants should not be subjected to the severe consequences of a $474,747.55 default judgment under the circumstances presented herein. The motion to vacate the judgment is accordingly granted to the extent of permitting a trial on the merits, while permitting the judgment to stand as security pending final disposition of the action *(Treitel v Arnold Chait, Ltd.,* 20 AD2d 711). Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.