■ Joseph S. Parisi, Appellant, v Pat McElhatton, Respondent. [619 NYS2d 92] —In a trespass action, the plaintiff appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated April 8, 1993, which denied his motion for leave to settle an order to effectuate a decision of the same court dated May 18, 1990, granting his motion (1) to enjoin the defendant from trespassing on his property and (2) to compel the defendant to remove encroachments from his property.

Ordered that the order is reversed, as a matter of discretion, and the plaintiff's motion is granted, without costs and disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance with this decision and order.

A failure to submit a proposed order for signature within the 60-day period prescribed by 22 NYCRR 202.48 may be excused upon good cause shown. In attempting to meet this burden, the plaintiff asserted that his failure to comply with the time limitation imposed by 22 NYCRR 202.48 was the result of false representations made by his former counsel. Specifically, both the plaintiff and his current counsel averred that the former counsel misled them by stating on several occasions that the matter had been resolved in the plaintiff's favor, judgment had been entered, and the defendant's time to appeal had expired. Unlike those cases wherein the purported excuse amounts to nothing more than a conclusory and self-serving claim of file misplacement or mistake of fact, here the plaintiff has set forth a valid excuse (see generally, Ackerson v Stragmaglia, 176 AD2d 602; cf., Madigan v Klumpp, 173 AD2d 593; Seeman v Seeman, 154 AD2d 584). Furthermore, the plaintiff's actions are devoid of any intent to abandon his claim. Under these circumstances, we conclude that the plaintiff has demonstrated good cause for the delay. Moreover, the record evinces a lack of prejudice to the defendant. Balletta, J. P., Miller, Pizzuto and Hart, JJ., concur.