■ ELAINE PLATT, Doing Business as PLATT REALTY, Respondent, v PARKLEX ASSOCIATES et al., Appellants. [650 NYS2d 719] —Order and judgment, Supreme Court, New York County (Harold Tompkins, J.), entered on or about August 7, 1995 and August 30, 1995, respectively, which denied defendants' motions for leave to file a late notice of settlement and for recusal of the IAS Justice and granted plaintiff's cross-motion to dismiss defendants' counterclaims as abandoned, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent that the motion to file the late notice of settlement is granted, the cross-motion to dismiss the action as abandoned is denied, and the matter remanded for further proceedings before a different Justice, and otherwise affirmed, without costs.

The motion for leave to file a late notice of settlement should

have been granted here where defendants made the requisite showing of good cause for the 19 month delay and where there was clearly no intention to abandon the action (22 NYCRR 202.48 [b]; *Matter of Smith v City of New York*, 213 AD2d 309, 310; *Parisi v McElhatton*, 209 AD2d 495). Defendants' good faith, albeit ineffectual, effort to determine whether the court had rendered its decision after trial included use of a lawyers' clerical service, checking the Supreme Court's computer system, continual checking of the New York Law Journal, and, eventually, a written inquiry to the Administrative Judge of the court. This effort, in addition to the effort put into the case—years of litigation, a difficult trial, and submission of extensive post-trial briefs—also made it highly unlikely that defendants intended to abandon the action.

While it is our view that the motion for recusal was properly denied, it is also our view, under the circumstances, that the matter would be better served by remand to a different Justice. Concur—Sullivan, J. P., Rosenberger, Kupferman, Williams and Andrias, JJ.