■ JENNY BOSQUE, Appellant, v ANGEL BOSQUE, Respondent. [676 NYS2d 682] —In a matrimonial action, the plaintiff appeals from an order of the Supreme Court, Kings County (Rigler, J.), dated August 18, 1997, which denied her motion to reduce to judgment the child support arrears that accrued from April 19, 1993, through January 9, 1997.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

On January 25, 1993, the plaintiff commenced an action for divorce. On April 19, 1993, the parties entered into a stipulation in open court which resolved, *inter alia,* support, custody, visitation, and management of certain properties, pendente lite. Pursuant to that stipulation, the defendant agreed to pay the sum of $85 per week for the support of the parties' three children. The court directed that an order be submitted. The defendant's counsel submitted a proposed order on notice for signature within 60 days of the court's direction, but the proposed order was apparently rejected by the court and was not signed. No order was submitted thereafter by either party although it appears both parties believed an order was in full force and effect.

On January 9, 1997, after trial, the court dismissed the plaintiff's complaint and it was at this time that the parties learned that no order had been entered on their April 19, 1993, stipulation.

The plaintiff then moved to reduce to judgment the child support arrears that accrued from April 19, 1993, through January 9, 1997. The Supreme Court denied the motion on the basis that the application was untimely. We now reverse.

22 NYCRR 202.48, entitled "Submission of orders, judgments and decrees for signature", provides in pertinent part:

"(a) Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted.

"(b) Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown".

A failure to submit a proposed order for signature within the 60-day period prescribed by 22 NYCRR 202.48 may be excused for good cause shown (*see, Parisi v McElhatton,* 209 AD2d 495). Under all the circumstances, particularly where the defendant submitted a proposed order in timely fashion, the plaintiff has demonstrated "good cause" for her failure to submit an order within the 60-day period. The plaintiff's actions are devoid of any intent to abandon her claim for child support. Moreover, the record evinces a lack of prejudice to the defendant (*see, Parisi v McElhatton, supra*). The matter is, therefore, remitted to the Supreme Court, Kings County, for a calculation of child support arrears for the period from the date of the parties' stipulation to the date of the dismissal of the action. Miller, J. P., Sullivan, Friedmann and McGinity, JJ., concur.