■ NORMA BRANDES, Respondent, v BOARD OF MANAGERS OF THE CENTRA CONDOMINIUM ASSOCIATION, Appellant, et al., Defendants. [691 NYS2d 453] —Order, Supreme Court, New York County (James Gowan, J.), entered on or about April 28, 1998, which, in an action by a condominium unit owner against a condominium for property damage caused by a roof leak, granted plaintiff's motion to dismiss, as abandoned, defendant's counterclaim to recover, *inter alia*, interest and late charges on certain common charges and attorneys' fees incurred in collecting such common charges, unanimously affirmed, without costs. Appeal from decision, same court and Justice, entered on or about September 27, 1996, which found that no attorneys' fees were owed for the collection of common charges, found that interest and late charges were owed for the common charges that fell due between June 1989 and February 1990, and directed that a judgment be settled setting forth the method of calculation and amount of such interest and late charges, unanimously dismissed, without costs.

No appeal lies from the September 27, 1996 decision directing settlement of a judgment awarding defendant interest and late charges for the common charges that fell due between June 1989 and February 1990 (CPLR 5512 [a]; *Cioffi v City of New York*, 14 AD2d 741, *lv dismissed* 11 NY2d 659). Plaintiff's motion to dismiss the counterclaim addressed in that decision, made a year and a half after the decision, was properly granted absent a showing by defendant of good cause for its failure to

prepare a judgment for settlement within 60 days after the decision (22 NYCRR 202.48). While defendant obviously considered the decision inadequate, its counterclaim, which was all that remained of the action at the time of the decision, was not completely dismissed, an award of damages in some measure was contemplated, and thus defendant was clearly the prevailing party responsible for initiating settlement of the judgment directed in the decision (*see, Feldman v New York City Tr. Auth.*, 171 AD2d 473, 474). Nor is good cause shown by plaintiff's attorney's withdrawal after issuance of the decision, where plaintiff herself contacted defendant several times to conclude the matter in accordance with the decision, but was told by defendant's attorneys, in effect, to first settle a judgment. Concur—Williams, J. P., Wallach, Andrias and Friedman, JJ.