■ Toni-Ann Kelly, Respondent, v John Hajdok et al., Defendants, and Laszlo Szabo, Appellant. [726 NYS2d 731] —In an action, *inter alia,* to recover damages for fraud, the defendant Laszlo Szabo appeals from (1) an order of the Supreme Court, Westchester County (Colabella, J.), entered February 14, 2000, which granted the plaintiff's motion pursuant to 22 NYCRR 202.48 for leave to enter judgment in the action more than 60 days after the signing and filing of the decision directing that judgment be entered, (2) an order of the same court, entered May 15, 2000, which, *inter alia,* in effect, granted that branch of the plaintiff's motion which was to rescind the deed conveying the subject property from the plaintiff to the defendant John Hajdok, dated March 30, 1988, and to strike that conveyance from the records of the Westchester County Clerk, and (3) a judgment of the same court, entered May 15, 2000, upon the orders.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeals from the intermediate orders entered February

14, 2000, and May 15, 2000, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff sold her house to the defendant John Hajdok in March 1988. Hajdok then sold that house to the appellant, Laszlo Szabo, in December 1988. In 1996, the Supreme Court, Westchester County, determined that Hajdok had perpetrated a fraud against the plaintiff and directed that the house be returned to the plaintiff. The Supreme Court found that Szabo had both actual and constructive notice of the plaintiff's interest in the house before Hajdok sold it to him. The constructive notice arose from a notice of pendency the plaintiff filed in August 1988. The plaintiff's testimony, which was credited by the Supreme Court, established that Szabo had actual notice of her interest in the property, as the plaintiff personally notified him of it before the sale. On January 9, 1997, Szabo obtained a stay of all proceedings to enter judgment, and unbeknownst to the plaintiff, no judgment was entered. In October 1999, the plaintiff's newly-retained attorney moved for leave to enter judgment and the motion was granted by order entered February 14, 2000.

The Supreme Court providently exercised its discretion in determining that the plaintiff made a proper showing of good cause as to why the judgment was not entered in a timely manner (*see, Parisi v McElhatton,* 209 AD2d 495). Further, the rescission of the real estate transaction between the plaintiff and Hajdok was an appropriate remedy and was not contrary to the principles of law and equity (*see generally,* 55 NY Jur 2d, Equity, §§ 1, 2, 5, 6). Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.