■ PATRICIA RUSSO, Now Known as PATRICIA DALIA, Respondent, v ROBERT RUSSO, Appellant. [735 NYS2d 594] —In a matrimonial action in which the parties were divorced by judgment dated January 22, 1993, the defendant appeals from an order of the Supreme Court, Queens County (Posner, J.), dated October 31, 2000, which denied his motion for leave to settle an untimely order upon a decision of the same court dated November 30, 1994.

Ordered that the order is reversed, without costs or disbursements, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

When a party is directed in a decision of the court to settle or submit an order or a judgment on notice, that order or judgment must be submitted for the court's signature within 60 days of the signing and filing of the decision. "Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, *unless for good cause shown*" (22 NYCRR 202.48 [b] [emphasis added]; *see, Funk v Barry,* 89 NY2d 364; *Citibank v Velazquez,* 284 AD2d 364; *Brady v Brady,* 271 AD2d 563). Upon the court's direction to settle or submit an order or a judgment, the party that prevailed on the underlying decision is obligated to do so (*see, Funk v Barry, supra; Brandes v Board of Mgrs.,* 262 AD2d 63; *Winckel v Atlantic Rental & Sales,* 195 AD2d 599). It is within the sound discretion of the court to accept a belated order or judgment for settlement (*see, Dime Sav. Bank v Anzel,* 232 AD2d 446; *Thompson v Aim Rent-Car,* 227 AD2d 614).

The Supreme Court improvidently exercised its discretion in denying the defendant's motion for leave to settle an untimely order. The defendant demonstrated good cause for his failure to settle an order upon the decision of the same court dated November 30, 1994, *inter alia,* reducing his support obligation. He established that his prior attorney failed to respond to the Supreme Court's directive to settle an order on five days notice and to the subsequent compliance requests of the plaintiff's attorney. The omission and alleged concealment of that omission by the defendant's prior attorney did not come to light until 2000, when the plaintiff sought support arrears that did not reflect the 1994 decision, *inter alia,* reducing the defendant's support obligation. Only then did the defendant's prior attorney attempt to settle an order, albeit without acknowledging the omission. When the defendant retained new counsel, his prior attorney's neglect was revealed, and thus good cause for the failure to settle an order was demonstrated (*see, Kelly v Hajdok,* 285 AD2d 451; *Bosque v Bosque,* 253 AD2d 476; *Parisi v McElhatton,* 209 AD2d 495; *Ackerson v Stragmaglia,* 176 AD2d 602). Moreover, this result will bring the proper repose to the proceedings and avoid the waste of the judicial resources expended on the defendant's earlier motion to reduce his support obligation (*see, Matter of Argento v New York State Div. of Hous. & Community Renewal,* 269 AD2d 443; *Matter of Parkway Plaza v Assessor of City of Canandaigua,* 269 AD2d 811).

We note that the parties disagree as to the correct terms to be recited in the order. Accordingly, we remit the matter to the Supreme Court, Queens County, for the settlement of a

proposed order or proposed counterorder that the court may deem appropriate. Altman, J. P., S. Miller, Crane and Prudenti, JJ., concur.