■ NERI'S LAND IMPROVEMENT, LLC, et al., Appellants, v J.J. CASSONE BAKERY, INC., Respondent. [886 NYS2d 202]—

In an action, inter alia, for a judgment declaring that a certain restrictive covenant is unenforceable and should be extinguished pursuant to RPAPL 1951, the plaintiffs appeal (1) from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated December 10, 2007, which denied that branch of their motion which was to deem the defendant's motion to dismiss the

amended complaint abandoned pursuant to 22 NYCRR 202.48 and granted the defendant's cross motion to settle an order nunc pro tunc, and (2), as limited by their brief, from so much of an order of the same court, also dated December 10, 2007, as granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint for failure to state a cause of action.

Ordered that the first order dated December 10, 2007, is affirmed; and it is further,

Ordered that the second order dated December 10, 2007, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiffs, Neri's Land Improvement, LLC (hereinafter Neri's Land) and Neri's Bakery Products, Inc. (hereinafter Neri's Bakery, and together with Neri's Land, Neri), operate a bakery on two parcels of property located in Port Chester, New York, and owned by Neri and/or its subsidiaries. The defendant, J.J. Cassone Bakery, Inc. (hereinafter Cassone), also operates a bakery in Port Chester on a parcel of property located approximately nine-tenths of a mile away from the two properties where Neri operates its bakery business.

In 1999 Cassone acquired title to a parcel of property situated between the two properties where Neri operates its bakery business (hereinafter the premises). Thereafter, in 2003, Cassone transferred the premises by deed to 41 Pearl Street Holding Company, LLC (hereinafter 41 Pearl Street). The deed contained a restrictive covenant prohibiting the use of the premises "as a bakery or for any purpose related or ancillary to a bakery" for a period of 50 years from the date of the deed. Subsequently, in 2006, 41 Pearl Street transferred the premises by deed to Neri's Land. In that deed, Neri's Land expressly acknowledged the existence of the restrictive covenant, which is set forth in the deed, and agreed to be bound by the restrictive covenant.

Neri commenced this action against Cassone, inter alia, for a judgment declaring that the restrictive covenant is unenforceable and should be extinguished pursuant to RPAPL 1951, as well as for injunctive relief and to recover damages based on Cassone's alleged violation of General Business Law § 340. Subsequently, Cassone moved to dismiss Neri's amended complaint. The Supreme Court, inter alia, granted the motion and directed the submission of an order on notice.

Thereafter, Neri moved, inter alia, to deem Cassone's motion to dismiss the amended complaint abandoned pursuant to 22 NYCRR 202.48 on the ground that Cassone had failed to settle

an order on notice within 60 days. Cassone cross-moved to settle an order nunc pro tunc. The Supreme Court denied that branch of Neri's motion which was to deem Cassone's motion to dismiss the amended complaint abandoned pursuant to 22 NYCRR 202.48 and granted Cassone's cross motion to settle an order nunc pro tunc. Subsequently, the Supreme Court granted Cassone's motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint for failure to state a cause of action.

Under the circumstances, the Supreme Court providently exercised its discretion in denying that branch of Neri's motion which was to deem Cassone's motion to dismiss the amended complaint abandoned pursuant to 22 NYCRR 202.48 and in granting Cassone's cross motion to settle an order nunc pro tunc (*see Parisi v McElhatton*, 209 AD2d 495 [1994]). Cassone set forth a valid excuse for the short delay, its actions were devoid of any intent to abandon the motion to dismiss, and there is nothing in the record showing that Neri was prejudiced by the brief delay (*see Marzullo v General Motors Corp.*, 34 AD3d 540 [2006]; *Parisi v McElhatton*, 209 AD2d at 495; cf. *Seeman v Seeman*, 154 AD2d 584 [1989]).

The Supreme Court properly granted that branch of Cassone's motion which was to dismiss the first cause of action in Neri's amended complaint for failure to state a cause of action.

In order to state a cause of action pursuant to RPAPL 1951, a plaintiff seeking a declaration that a restrictive covenant is unenforceable must allege that, upon a balancing of the equities, the restrictive covenant is of no actual and substantial benefit to the party seeking to enforce it (*see* RPAPL 1951 [2]; *Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424, 434 [2004]; *Orange & Rockland Util. v Philwold Estates*, 52 NY2d 253, 265 [1981]).

Here, Neri's amended complaint, even as supplemented by an affidavit from its owner and chief executive officer, contains only a bare and conclusory allegation that the restrictive covenant is of no actual and substantial benefit to Cassone. Moreover, the amended complaint failed to allege any reason why the restrictive covenant is of no actual and substantial benefit to Cassone, such as "the purpose of the restriction has already been accomplished or, by reason of changed conditions or other cause, its purpose is not capable of accomplishment" (RPAPL 1951 [2]; *see Matter of Zimmerman v Seven Corners Dev.*, 237 AD2d 892, 893 [1997]). In fact, the allegations in the amended complaint, as well as the evidentiary material submitted by the parties in connection with the motion to dismiss, establish that the restrictive covenant clearly is of a substantial benefit to

Cassone inasmuch as the restrictive covenant prevents competition by another bakery business at the premises, which is located less than a mile away from Cassone's bakery business. Notably, this is not a case in which the party owning the land burdened by the restrictive covenant will be unable to put the land to any use whatsoever if the covenant is enforced (see Orange & Rockland Util. v Philwold Estates, 52 NY2d at 265).

Moreover, despite Neri's allegations that enforcement of the restrictive covenant will cause it economic harm and inconvenience, the evidentiary material submitted by the parties in connection with the motion to dismiss establishes that Neri had notice of the restrictive covenant when it acquired the premises. Thus, Neri's alleged hardship could not "tip the balance of equities in favor of extinguishing" the restrictive covenant (Chambers v Old Stone Hill Rd. Assoc., 1 NY3d at 434; see Deak v Heathcote Assn., 191 AD2d 671 [1993]).

The Supreme Court also properly granted that branch of Cassone's motion which was to dismiss the second cause of action in Neri's amended complaint, alleging a violation of New York's antitrust law, known as the Donnelly Act (General Business Law § 340), for failure to state a cause of action. In order to state a cause of action pursuant to General Business Law § 340, a plaintiff "must identify the relevant market, describe the nature and effects of the purported conspiracy, allege how the economic impact of that conspiracy does or could restrain trade in the market, and set forth a conspiracy or reciprocal relationship between two or more legal or economic entities" (Watts v Clark Assoc. Funeral Home, 234 AD2d 538, 538 [1996]; see General Business Law § 340 [1]). Here, Neri's amended complaint alleged in conclusory fashion that Cassone conspired with two individuals, 41 Pearl Street, "and others presently unknown." There is no allegation in the amended complaint, however, that the alleged conspirators were in competition with one another or with Neri (see Benjamin of Forest Hills Realty, Inc. v Austin Sheppard Realty, Inc., 34 AD3d 91, 98 [2006], citing Sands v Ticketmaster-N.Y., Inc., 207 AD2d 687, 688 [1994]).

Based on the foregoing, the Supreme Court properly granted Cassone's motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint.

The arguments made by the parties with respect to whether the restrictive covenant runs with the land need not be addressed, since the amended complaint does not seek a declaration that the restrictive covenant was personal to 41 Pearl Street (cf. Orange & Rockland Util. v Philwold Estates, 52 NY2d at 260). Skelos, J.P., Angiolillo, Balkin and Belen, JJ., concur.