In the Matter of GRANITE ASSOCIATES, INC., Respondent, v ROMNIE EDUARDO ROLON, Appellant. [894 NYS2d 69]—

"An arbitration award may be vacated only upon proof that the underlying dispute was not arbitrable, that a party's rights were prejudiced by fraud or partiality of the arbitrator, that the arbitrator exceeded a specifically enumerated limitation on his or her power, that the award is violative of a strong public policy, or that the award is totally irrational. Absent such a showing, the arbitration award must be confirmed even if the court concludes that the arbitrator's interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law" (*Matter of IBK Enters., Inc. v Onekey,*

*LLC*, 64 AD3d 596, 597 [2009] [citations omitted]). The appellant failed to make such a showing.

Regardless of the validity of the arbitration clause in the parties' registered representative agreement, arbitration of the parties' dispute about the negotiable promissory note given by the appellant to the respondent was proper pursuant to the broad arbitration clause in the form U-4 (Uniform Application for Securities Industry Registration or Transfer) submitted by the appellant to the National Association of Securities Dealers (*see Hamilton v Cantor Fitzgerald Sec.*, 265 AD2d 526, 527 [1999]). The appellant failed to show that the requirements of due process were not met regarding the arbitration hearing (*see Matter of Beckman v Greentree Sec.*, 87 NY2d 566 [1996]). The court providently exercised its discretion in denying the appellant's motion to dismiss the petition pursuant to 22 NYCRR 202.48 based on abandonment (*see Neri's Land Improvement, LLC v J.J. Cassone Bakery, Inc.*, 65 AD3d 1312 [2009]; *Marzullo v General Motors Corp.*, 34 AD3d 540 [2006]). Santucci, J.P., Balkin, Eng and Chambers, JJ., concur.