■ In the Matter of SIGNAL PERFECTION, LTD., Doing Business as SPL INTEGRATED SOLUTIONS, Respondent, v LITESPEED ELECTRIC, INC., Appellant. [52 NYS3d 226]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about April 14, 2016, which denied respondent's motion for leave to file a late notice of settlement of a proposed judgment, unanimously reversed, on the law, without costs, and the motion granted.

Assuming without deciding that the 60-day time limit of 22 NYCRR 202.48 (a) applies in this case, which involves an order adjudging that respondent was entitled to recover a sum certain and confirming an arbitration award, as modified (*see Farkas v Farkas*, 11 NY3d 300, 309-310 [2008]; *Funk v Barry*, 89 NY2d 364, 367 [1996]), we find that respondent demonstrated good cause for its delay in submitting a judgment for settlement. Respondent demonstrated good cause by providing affidavits detailing its diligence in following up with its prior counsel, who misled it concerning the status of the case and the need to enter judgment (*see Russo v Russo*, 289 AD2d 467 [2d Dept 2001]; *Parisi v McElhatton*, 209 AD2d 495 [2d Dept 1994]). In light of the effort expended arbitrating the dispute, opposing the petition to vacate, and pursuing the matter after the court largely confirmed the award, it is clear that respondent did not intend to abandon this action (*see Platt v Parklex Assoc.*, 234 AD2d 115 [1st Dept 1996]), and entry of judgment upon an order confirming the arbitration award is required (CPLR 7514). Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels and Webber, JJ.