Shanklin v Wilhelmina Models, Inc. (2026 NY Slip Op 00480)

Shanklin v Wilhelmina Models, Inc.

2026 NY Slip Op 00480

Decided on February 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 03, 2026

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 653702/13|Appeal No. 5725|Case No. 2025-01379|

[*1]Alex Shanklin, et al., Individually and as Class Representatives, Plaintiffs-Respondents,
vWilhelmina Models, Inc., et al., Defendants-Appellants, Elite Model Management Corporation, et al., Defendants.

Otterbourg, P.C., New York (Pauline McTernan of counsel), for Wilhelmina Models Inc. and Wilhelmina International Ltd., appellants.
D'Avanzo LLP, New York (Joseph D'Avanzo of counsel), for Next Management, LLC, appellants.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (David Cooper of counsel), for respondents.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about March 5, 2025, which insofar as appealed from, denied the separate motions of defendants Next Management LLC, Wilhelmina Models, Inc., and Wilhelmina International Ltd. (collectively, defendants) to vacate the amended order, same court and Justice, entered January 30, 2025 and the corrected order, same court and Justice, entered January 31, 2025, granting plaintiffs class certification, unanimously affirmed, without costs.
A prior order, same court, different Justice, entered May 12, 2020, granted plaintiffs' motion for class certification as to two of the proposed classes — one with respect to Next and the other as to Wilhelmina — asserting Labor Law claims that accrued on or after October 24, 2007. The court directed plaintiffs' counsel to e-file a proposed order certifying classes as authorized after a meet and confer where the parties would attempt to agree upon the form of the proposed order. The court did not check the boxes indicating "settle order" or "submit order" on the form.
Over the course of the next four years the parties engaged in mediation and merits discovery, conducted over 17 depositions, and plaintiffs filed a Fourth Amended Class Action Complaint. There is no dispute that during this time plaintiffs never submitted a proposed order certifying the classes.
In January 2025, plaintiffs requested a Commercial Division Rule 24 (Uniform Rules for Trial Courts [the Uniform Rules][22 NYCRR] § 202.70) pre-motion conference for leave to file a motion for court approval of the form of class notice and for an order defining the classes. Supreme Court conducted an on-the-record pre-motion conference, after which it entered the class certification orders.
Section 202.48 of the Uniform Rules mandates vacatur of a class certification order only where the underlying decision directs a party to submit or settle an order (see 22 NYCRR § 202.48; see also Funk v Barry, 89 NY2d 364, 367 [1996]; WV Partners LLC v Hudson Private Corp., 236 AD3d 481, 482-483 [1st Dept 2025]). Here, the May 12, 2020 order contained no such directive and the boxes labeled "settle order" and "submit order" were not checked by the court.
In any event, Supreme Court providently exercised its discretion in determining that plaintiffs established good cause for their delay in submitting a proposed order certifying the classes and that there was clearly no intention to abandon the action based on the course of conduct by all parties in the litigation (see Matter of Signal Perfection, Ltd. v Litespeed Elec., Inc, 150 AD3d 548, 548 [1st Dept 2017]). Over the more than four years since the May 2020 class certification order, the parties conducted mediation and merits discovery on class issues and defendants repeatedly acknowledged in pleadings and correspondence, including with the court, that the classes were certified. None of the parties believed that plaintiffs abandoned class action status based on their failure to submit a further proposed class certification order within 60 days of the notice of entry of the May 2020 order (see Platt v Parklex Assoc., 234 AD2d 115, 115-116 [1st Dept 1996]). Moreover, defendants have cited no prejudice from the delay in filing the proposed class certification order.
Defendants' argument that the court violatedRule 24 of the Commercial Division (22 NYCRR § 202.70) by issuing the January 2025 orders is academic as the orders that are the subject of this appeal resolved defendants' noticed motion(see Levine v St Luke's Hospital Center, 109 AD2d 694, 695 [1st Dept 1985]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2026