■ MINERVA VELASQUEZ et al., Appellants, et al., Plaintiffs, v C.F.T., INC., et al., Defendants, and FORD MOTOR COMPANY, Respondent. [699 NYS2d 470] —In a consolidated action to recover damages for personal injuries, the plaintiffs Minerva Velasquez, Johnny Ferrer, Minerva Cancel, Yajaira Cancel, and Pablo Torres appeal from (1) so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated November 17, 1998, as, after a status conference, *sua sponte* severed their cause of action to recover damages based on products liability

against the defendant Ford Motor Company, and (2) an order of the same court, dated January 19, 1999, which denied their motion to vacate so much of the order dated November 17, 1998, as directed the severance.

Ordered that the appeal from the order dated November 17, 1998, is dismissed, as a precalendar conference order is not appealable as of right because it does not decide a motion made upon notice (see, CPLR 5701 [a] [2]); and it is further,

Ordered that the order dated January 19, 1999, is reversed, on the law, the motion is granted, and the order dated November 17, 1998, is vacated to the extent that it directed a severance of the appellants' cause of action to recover damages based on products liability against the Ford Motor Company; and it is further,

Ordered that the appellants are awarded one bill of costs.

Although precalendar conference orders are not appealable to this Court as of right, an appeal does lie from an order entered, as here, upon a formal motion on notice to vacate or modify such an order or particular provisions thereof (see, Yetman v St. Charles Hosp., 112 AD2d 297; Cohalan v Johnson Elec. Constr. Corp., 105 AD2d 770).

The several actions arising out of an accident on November 27, 1994, were consolidated for trial in the Supreme Court, Kings County, by order of the Supreme Court, Bronx County, dated February 21, 1996. Subsequently, the Supreme Court, Kings County, upon its own motion after a pretrial conference, severed the appellants' products liability action against the defendant Ford Motor Company (hereinafter Ford). This was improper. The court violated the doctrine of law of the case by overruling, in effect, a determination of a court of coordinate jurisdiction (cf., Dawson v Pavarini Constr. Co., 228 AD2d 468; Padela v Rosen & Weidberg, 200 AD2d 722).

Moreover, consolidation of the negligence and products liability actions was proper under the circumstances, especially since Ford failed to demonstrate any prejudice. The Supreme Court can take adequate steps to insure that discovery in the products liability action is expeditiously completed (see, Fransen v Maniscalco, 256 AD2d 305). Thompson, J. P., Joy, McGinity and Feuerstein, JJ., concur.