**ARK512 Doe v Diocese of Brooklyn**

2024 NY Slip Op 31215(U)

April 8, 2024

Supreme Court, Kings County

Docket Number: Index No. 518161/2021

Judge: Alexander M. Tisch

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## KINGS COUNTY

PRESENT:    HON. ALEXANDER M. TISCH      PART     **18/CVA**

*Justice*

-------------------------------------------------------------------X

ARK512 DOE,

               Plaintiff,

DIOCESE OF BROOKLYN a/k/a THE ROMAN CATHOLIC
DIOCESE OF BROOKLYN, NEW YORK; BROTHERS OF
THE CHRISTIAN SCHOOLS a/k/a BROTHERS OF THE
CHRISTIAN SCHOOLS NEW YORK PROVINCE a/k/a
BORHTERS OF THE CHRISTIAN SCHOOLS DISTRICT OF
NORTH AMERICA, INC. d/b/a FSC DENA a/k/a LA SALLE
PROVINCIALATE, INC.; ST. CECILIA; DIVINE MERCY
ROMAN CATHOLIC CHURCH; and DOES 1-5 whose
identities are unknown to Plaintiff,

               Defendants.

| | |
|---|---|
| INDEX NO. | 518161/2021 |
| MOTION DATE | 3/20/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002)
were read on this motion to/for      VACATE – DECISION/ORDER/JUDGMENT

## BACKGROUND

On August 12, 2021, the Plaintiff commenced this action pursuant to the New York Child

Victims Act ("CVA"), CPLR 214-g, by filing a Summons and Complaint naming defendants the

Roman Catholic Diocese of Brooklyn, New York (the "Diocese"), Brothers of the Christian

Schools, St. Cecilia's and Divine Mercy Roman Catholic Church asserting causes of action for

Negligence, Negligent Training and Supervision of Employees, and Negligent Retention of

Employees.   Plaintiff alleges that in approximately 1980 to 1981, when Plaintiff was

approximately 11 years old and a parishioner at St. Cecilia's, he was sexually abused by non-party

Patrick Sexton ("Fr. Sexton"), who was a priest at St. Cecilia's. Plaintiff further alleges that from

[* 1]

approximately 1981 to 1984, when Plaintiff was approximately 12 to 14 years old and a parishioner at St. Cecilia's, he was sexually abused by non-party Joseph Garito ("Br. Garito"), who was then a priest at St. Cecilia's. As a result of the alleged sexual abuse, Plaintiff alleged that he sustained physical and psychological injuries.

## PROCEDURAL HISTORY

On August 7, 2023, at a Compliance Conference regarding the cases proceeding against Fr. Patrick Sexton, this Court ordered counsel for St. Cecilia's to provide responses to Plaintiff's Standard Automatic Disclosures and Combined Demands on or before September 22, 2023. A Compliance Conference Stipulation and Order to this effect was filed on August 14, 2023.

On September 21, 2023, St. Cecilia's produced its responses to Plaintiff's Standard Automatic Disclosures and Standard Combined Demands. The only documents produced were St. Cecilia's certificate of incorporation and Plaintiff's sacramental records — eleven pages in total.

Plaintiff received no other documents or communication from St. Cecilia's in response to this Court's Order.

At a January 4, 2024 Compliance Conference, the Court ordered St. Cecilia's to produce a Jackson affidavit in the event it claims no records exist responsive to any discovery request. The Court also ordered St. Cecilia's to produce a witness for deposition on or before April 26, 2024.

## THE PENDING MOTION

St. Cecilia's now moves for an order vacating that part of this Court's prior order directing them to produce a *Jackson* type affidavit, substantiating their claim that they have no further responsive documents to produce other than the eleven pages of paper discovery already provided.

For the reasons set forth below, the motion is denied.

518161/2021 ARK512 DOE V DIOCESE OF BROOKLYN ET AL
MOTION NO.002

## DISCUSSION

Plaintiff argues that the motion does not lie pursuant to CPLR 5015(a). However, as the order was made at a conference and without notice, St. Cecilia's is entitled to move to vacate the order, so that it will have a vehicle for appellate review *Velasquez v. C.F.T., Inc.*, 267 A.D.2d 229, 230 (1999). Additionally, this Court specifically allowed for such motion in the order to ensure St. Cecilia's rights to appellate review would be preserved. As such, the Court will address the merits of the motion.

St. Cecilia's argues that it should not be required to provide a *Jackson* type affidavit because it is not required to by the CPLR. Alternatively, St. Cecilia's argues that the Court order was vague because it did not specify what is expected to be included in the *Jackson* type affidavit. Finally, St. Cecilia's asserts that three years into this litigation it is premature for the Court to require such an affidavit.

The Court finds these arguments unpersuasive.

*Jackson v. City of New York*, 586 N.Y.S.2d 952 (1st Dep't 1992) has been interpreted to require an affidavit from a record searcher to confirm that documents requested as a part of discovery have been completely searched for and not found.

New York courts have required *Jackson* affidavits in a wide array of cases, and contrary to movant's argument these holdings in no way require that the facts of the case must align with those in *Jackson v. City of New York*, 586 N.Y.S.2d 952 (1st Dep't 1992). Rather the affidavits are generally used when a party asserts that it has no documents in response to a discovery demand. *See eg Bankers Conseco Life Ins. Co. v. KPMG LLP*, 185 N.Y.S.3d 651 (Sup. Ct. N.Y. Cnty. 2023); *Agius v. Gray Line Corp.*, 169 N.Y.S.3d 800 (Sup. Ct. N.Y. Cnty. 2022); *Frank v. Morgans Hotel Grp. Mgmt. LLC*, 139 N.Y.S.3d 521 (Sup. Ct. N.Y. Cnty. 2021); *Mesropian v*

[* 3]

*Providence Care, Inc.* 67 Misc.3d 1235Z(A)(Sup. Ct. Kings Cnty. 2020); *WMC Mortg. Corp. v. Vandermulen* 32 Misc.3d 1206(A)(Sup. Ct. Suffolk Cnty. 2011); *Lynx Capital Partners of NJ, LLC v Nayes Capital LLC* 217 AD3d 571(2nd Dept 2023); *Anuchina v Marine Transport Logistics, Inc.* 216 AD3d 1126 (2nd Dept 2023); *Hassn v. Armouth International, Inc.* 74 Misc.3d 1204(a) (Sup. Ct. N.Y. Cnty. 2022); *Matityahu v Miller* 75 Misc3d 1233(A) (Sup. Ct. N.Y. Cnty. 2022).

To the extent St. Cecilia's argues the order requiring a *Jackson* affidavit is vague and it is certain what is required to comply, the Court finds said argument is not raised in good faith. As noted, the order was issued after a conference with the parties. At the conference the affidavit and what it was to include were specifically addressed and discussed at length. Additionally, the case law in the moving papers cited by St. Cecilia's is replete with explanations as to what constitutes a *Jackson* affidavit. But to be clear the Court will now underscore in writing what it expects such an affidavit to contain:

> When the response to a discovery request is, in effect, that there are no responsive documents within the party's custody, possession, or control, that party must provide a detailed statement, under oath, by someone with direct knowledge of the facts setting forth the past and present status of the relevant documents; where they were kept; what efforts, if any, were made to preserve them; the circumstances surrounding their disappearance or destruction; and the means and methods used to conduct a search for them (*Jackson v. City of New York*, 185 A.D.2d 768, 770; *Dziegielewsky v. Advanced Integrative Wellness, LLC*, Sup Ct, Nassau County, March 9, 2010, Murphy, J., at 2 [2010 WL 1515585]; *Tower Ins. Co. of New York v. Headley*, Sup Ct, New York County, August 11, 2009, Stallman, J., at 4 [2009 WL 2578547]; *Lazzaro v. MJM Industries, Inc.*, Sup Ct, New York, April 7, 2003, Jones, J., at 3 [2003 WL 25573908] ). In short, the affidavit submitted must provide the court with a basis to find that the search conducted was a thorough one or that it was conducted in a good faith effort to provide the necessary records to the plaintiff (*Jackson v. City of New York, supra* at 770).

*WMC Mortg. Corp. v. Vandermulen*, 32 Misc. 3d 1206(A)(Sup. Ct. 2011).

In the instant case, the documents requested by Plaintiff are part of Court-Ordered Demands contained in the Case Management Orders and are central to the issued raised in this action. St. Cecilia's has asserted it has no documents in response to the majority of Plaintiff's discovery demands. Despite multiple requests, St. Cecilia's has refused to supplement its responses or provide Plaintiffs with a detailed account of its efforts to preserve, collect, and search for potentially responsive information.

Nor does the Court find that the requirement is premature. We are now three years into this litigation, almost no paper discovery has been produced and Defendant's witness has yet to be deposed.

Based on the foregoing, the motion to vacate that part of this Court's prior order requiring Defendant to provide a *Jackson* type affidavit is denied.

| | | |
|---|---|---|
| **4/8/24** | | |
| **DATE** | | **HON. ALEXANDER M. TISCH, J.S.C.** |

CHECK ONE: ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

☐ GRANTED ☒ DENIED    ☐ GRANTED IN PART    ☐ OTHER

APPLICATION: ☐ SETTLE ORDER    ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

[* 5]