# Shanklin v Wilhelmina Models, Inc.

## 2025 NY Slip Op 30745(U)

### March 5, 2025

### Supreme Court, New York County

### Docket Number: Index No. 653702/2013

### Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 49M

-------------------------------------------------------------------------X

ALEX SHANKLIN et al.,

                                      Plaintiffs,

                         - v -

WILHELMINA MODELS, INC. et al. ,

                                 Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653702/2013 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 043 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (MS043) 1262, 1263, 1264, 1265, 1266, 1267, 1268, 1269, 1270, 1271, 1272, 1273, 1274, 1275, 1276, 1277, 1278, 1279, 1280 were read on this motion to/for        VACATE - DECISION/ORDER/JUDGMENT/AWARD    .

    In this putative class action on behalf of over 3,000 models, defendant Next Management LLC (Next) moves, by order to show cause, for an order (1) pursuant to CPLR 2221(a) vacating the court's Amended Order, dated January 29, 2025, (the Rule 24 Order) and the Corrected Order Certifying Classes, dated January 31, 2025 (the Class Cert Order); (2) directing plaintiffs to show cause by a formal motion why their application for class certification should not be deemed abandoned pursuant to 22 NYCRR § 202.48(b); and (3) in the event that plaintiffs' application for certification is not deemed abandoned, directing plaintiffs to seek approval of their proposed Class Notice by a formal motion on notice (NYSCEF #s 1262, 1276). By Notice dated February 12, 2025, defendants Wilhelmina Models, Inc. and Wilhelmina International Ltd (together, Wilhelmina) join Next's application (NYSCEF # 1275). Plaintiffs oppose the motion (NYSCEF # 1280).

    By way of a brief background, over 11 years ago, plaintiffs commenced this putative class action on behalf of over 3,000 models who allegedly were employed by Next and Wilhelmina (NYSCEF # 2). After a period of court-ordered class discovery (*see* NYSCEF # 775), Justice Peter O. Sherwood (now retired), by Decision and Order, dated May 11, 2020, granted class certification on plaintiffs' Labor Law claims against Wilhelmina and Next, to the extent they accrued on or after October 24, 2007, related to unlawful wage deductions in violation New York Labor Law (NYLL) § 193 and failure to furnish accurate wage statements in violation of NYLL § 195(3) (the May 2020 Class Cert D&O) (NYSCEF 998).

    At the conclusion of the May 2020 Class Cert D&O, Justice Sherwood directed plaintiffs' counsel to "e-file a proposed order certifying classes as authorized

**653702/2013 SHANKLIN, ALEX vs. WILHELMINA MODELS, INC.**
**Motion No. 043**

**Page 1 of 6**

[* 1]

after counsel have met and conferred to attempt to agree on the form of said order" (*see id.* at 14). There is no dispute that this filing did not occur within 60 days of the May 2020 Class Cert D&O (*see* NYSCEF #s 1245, 1278-1279). Still, the parties moved forward with merits discovery, which recently concluded on January 17, 2025 (NYSCEF # 1228). Plaintiffs filed the Note of Issue on January 24, 2025 (NYSCEF # 1250).

Approximately eleven days before the filing of the Note of Issue, plaintiffs submitted a letter pursuant to Commercial Division Rule 24, dated January 13, 2025, in which it requested a pre-motion conference for leave to file a motion for court approval, pursuant to CPLR 904(c), of the form of certain proposed class notices and for an order pursuant to CPLR 903 defining the certified classes in this litigation (NYSCEF # 1245). Plaintiffs explained that, although defendants consented to the language describing the classes that were certified in the May 2020 Class Cert D&O, defendants did not consent to entry of this proposed Class Cert Order because plaintiffs purportedly waived and abandoned the class form by failing to submit a proposed order within 60 days of Justice Sherwood's decision (*id.* at 2). Meanwhile, with respect to their proposed long-form and short-form notices, plaintiffs explained that defendants would not consent to the form of the notice absent (1) "additional information" informing class members regarding certain purported implications of a ruling in plaintiffs' favor, and (2) disclosure of defendants' counsel and their contact information (*id.* at 1). Neither Wilhelmina nor Next opted to submit a response to plaintiffs' letter.

The court held an on-the-record Rule 24 conference on January 28, 2025 (NYSCEF # 1261). During the conference, the court heard arguments by plaintiffs and defendants regarding their purported positions and/or objections to the proposed Class Cert Order and the proposed long-form and short-form class notices (*id.*). At the conference's conclusion, the court determined that plaintiffs had not abandoned their class certification motion based upon its showing of good cause for failure to timely submit a proposed order in conformance with the May 2020 Class Cert D&O (*id.* at tr 13:16-20, 20:18-22). The court also indicated that it would approve the form of the proposed long-form and short-form class notices (*see id.* tr 20:25-21:7). The court then issued an order, dated January 29, 2025, that formally articulated these determinations (*see* NYSCEF # 1251). That order was subsequently amended on January 31, 2025 (NYSCEF # 1257). And concurrent with these orders, the court issued the Class Cert Order (*see* NYSCEF #s 1252, 1258). The court also so-ordered the proposed long-form and short-form class notices submitted by plaintiffs (*see* NYSCEF # 1259-1260).

653702/2013 SHANKLIN, ALEX vs. WILHELMINA MODELS, INC.
Motion No. 043

Page 2 of 6

2 of 6

[* 2]

Next, joined by Wilhelmina, now moves to vacate these orders and notices (NYSCEF # 1274).[1] In support of its motion, Next first argues that the court's Rule 24 Order and Class Cert Order were procedurally improper (*id.* at 4-5). Specifically, Next contends, the court was not permitted to issue either the Rule 24 Order or Class Cert Order following the Rule 24 conference, and it should have instead directed plaintiffs to file motions (*id.* at 5). Next asserts that the court's actions were prejudicial, depriving Next of an opportunity to be heard in opposition to plaintiffs' application, and prevented it from appealing the court's ruling (*id.* at 5, 8-9).

Plaintiffs, in opposition, maintain that the court's actions were procedurally proper under Rule 24 (NYSCEF # 1280 at 6-10). Plaintiffs first explain that, contrary to Next's position, both it and Wilhelmina had ample opportunity to be heard on the issues raised in plaintiffs' Rule 24 letter (*id.* at 6-7). Plaintiffs further note that nothing in the court's orders violated Next or Wilhelmina's substantial right to be heard because they were on notice that the issues raised in plaintiffs' Rule 24 letter could be resolved during the Rule 24 conference (*id.* at 7-8). Separately, plaintiffs continue that the court's actions were consistent with the discretion accorded to the court under Article 9 of the CPLR (*id.* at 8-10). Plaintiffs conclude that nothing in the Rule 24 Order or the Class Cert Order prejudiced defendants (*id.* at 10-12).

Upon consideration of the parties' submissions, Next's application to vacate is denied. Turning to that branch of Next's application seeking to vacate the Rule 24 Order and Class Cert Order, Next fails to persuasively articulate how the court's order violated Rule 24. That rule provides that "[p]rior to the making or filing of a motion, counsel for the moving party shall advise the Court in writing . . . on notice to opposing counsel outlining the issue(s) in dispute and requesting a telephone conference" (22 NYCRR 202.70[g], Rule 24[c]). Thereafter, "[i]f the matter can be resolved during the conference, an order consistent with such resolution may be issued" (*id.* at Rule 24[e]). That is exactly what happened here.

During the in-person conference on the record, the court heard the parties' positions as to whether plaintiffs had abandoned their class certification motion by failing to upload a proposed order within 60 days from the May 2020 Class Cert D&O, and it, in turn, determined that plaintiffs had established good cause for any untimeliness in their submission (NYSCEF # 1261 at tr 13:16-20, 20:18-22). Then, as required under Rule 24, the court memorialized the resolution of this issue in its Rule 24 Order and signed the Class Cert Order. Accordingly, because the court did, in fact, resolve the issues raised in plaintiffs' letter by its finding of "good cause," its memorializing of its determinations, as well as its subsequent issuing of the Class Cert Order was entirely in compliance with the text and spirit of Rule 24.

---

[1] As part of its application, Next sought a temporary stay of compliance with the court's Rule 24 Order and Class Cert Order pending the determination of its motion (NYSCEF # 1262 at 2). The court issued that that stay on February 14, 2025 (NSYCEF # 1276).

**653702/2013 SHANKLIN, ALEX vs. WILHELMINA MODELS, INC.** **Page 3 of 6**
**Motion No. 043**

Next's suggestion that plaintiffs were required to establish "good cause" under 22 NYCRR § 202.48(b) by motion is without merit. It is true that this rule provides that "[f]ailure to submit [an] order or judgment" within 60 days "shall be deemed an abandonment of the motion or action." But nothing in the rule's text, or in any of the authority cited by Next in support of its motion, suggests that "good cause" must be established through a formal motion. Rather, "[i]t is within the sound discretion of the court to accept a belated order or judgment for settlement," (*see Russo v Russo*, 289 AD2d 467, 468 [2d Dept 2001]), and, in this case, in the exercise of that discretion, a determination on the record at the Rule 24 conference was rendered and memorialized in the Rule 24 Order that plaintiffs' belated submission of the Class Cert Order was plainly supported by good cause given the parties' course of conduct in this litigation (*see* NYSCEF # 1257, citing NYSCEF #s 1015, 1060, 1062, 1063, 1064, 1076, 1081, 1084, 1099, 1103, 1105, 1107, 1109, 1125, 1126, 1127, 1134, 1141, 1143, 1147, 1156, 1161,1210, 1225 [holding that "perhaps most critically, as plaintiffs note, all parties have actively litigated this lawsuit, including through discovery on the merits of plaintiffs' claims, with the express understanding that the Wilhelmina and Next classes had been certified"]; *see also Matter of Signal Perfection, Ltd. v Litespeed Elec., Inc.*, 150 AD3d 548, 548 [1st Dept 2017] [finding good cause where "[i]n light of the effort expended arbitrating the dispute, opposing the petition to vacate, and pursuing the matter after the court largely confirmed the award, it is clear that respondent did not intend to abandon this action"]).[2]

Similarly unavailing is the suggestion that Next or Wilhelmina suffered any prejudice as a result of the Rule 24 Order or the Class Cert order. To be sure, Rule 24 does not require the filing of oppositions letters. Even so, Next and Wilhelmina had every opportunity between the filing of plaintiffs' letter and the court's conference to articulate a response to plaintiffs' submission. Neither chose to do so here.[3] At any rate, although neither Next nor Wilhelmina responded to plaintiffs' Rule 24 letter, they still had a full opportunity to be heard at the Rule 24 conference in connection with their respective objections to the timeliness of plaintiffs' submission of the Class Cert Order and their positions regarding plaintiffs' purported abandonment of the class form (*see* NYSCEF # 1261 at tr 4:8-9:1, 11:2-15:16, 17:11-19:10). Finally, even if it were the case that no appeal previously lied from the Rule 24 Order or the Class Cert Order, Next and Wilhelmina are now certainly free to seek appeal upon Next's "formal motion on notice to vacate or

---

[2] Curiously, but tellingly, even though the recourse was available, neither Next nor Wilhelmina ever moved to have plaintiffs' class certification motion be deemed abandoned under 22 NYCRR 202.48(b) (*cf. Goss v DiMarco*, 145 AD3d 861, 863 [2d Dept 2016] [affirming denial of plaintiff's motion to deem the defendant's prior motion abandoned]). Instead, as the court has previously observed, all parties actively litigated this lawsuit, including through discovery on the merits of plaintiffs' claims, with the express understanding that the Wilhelmina and Next classes had been certified.

[3] Although there was no requirement for a party to respond to a Rule 24 submission, Next had previously availed itself to such an opportunity in connection with plaintiffs' previous Rule 24 submission in June 2024 (*see* NYSCEF # 1161; *see also* NYSCEF # 1163).

**653702/2013 SHANKLIN, ALEX vs. WILHELMINA MODELS, INC.**
**Motion No. 043**

**Page 4 of 6**

[* 4]

modify" (*see Velasquez v C.F.T., Inc.*, 267 AD2d 229, 230 [2d Dept 1999] ["Although precalendar conference orders are not appealable to this court as of right, an appeal does lie from an order entered, as here, upon a formal motion on notice to vacate or modify such an order or particular provisions thereof"]; *Everitt v Health Maintenance Ctr.*, 86 AD2d 224, 227 [1st Dept 1982] ["If counsel is of the view that appellate review is necessary, counsel should make a formal motion on notice . . . to vacate or modify the pre-calendar conference order, or particular provisions of it"]; *see generally* Richard C. Reilly, Prac Commentaries, McKinney's Cons Laws of NY CPLR C5701:4 ["If an order emanating from a preliminary or 'precalendar' conference turns out to be objectionable, and yet not appealable because it was not made on notice . . . the cure, of course, is 'a formal motion on notice to vacate or modify [the] order or particular provisions thereof,' and *to appeal the order rendered on that motion if the result is unfavorable*"]).

The same conclusions are warranted for Next's motion to vacate the long-form and short-form class notices. As plaintiffs note, nothing in CPLR 904(b) requires that the "notice of the commence of a class action" be approved by the court through a formal notice of motion. Rather, that provision simply states that the form of the class notice shall be given to the class "in such manner as the court directs" and that the content of the notice shall be subject to court approval upon consideration of certain criteria (*see* CPLR 904[b]-[c]). In the Rule 24 Order, the court ultimately did consider these enumerated criteria and concluded that the proposed class notices "provide[d] standard information that is typically included in a notice of class action lawsuit" and properly "apprise[d] class members of this lawsuit" (NYSCEF # 1257 at 2). It then directed the manner in which the long-form and short-form class notices should be given to the class (*id.*). The court therefore fully discharged its obligations under CPLR 904.

To the extent that Next raises the same prejudice arguments set forth in connection with its attempt to vacate the Class Cert Order, the court reiterates that both Next and Wilhelmina had a full opportunity to air their objections to the long-form and short-form order during the Rule 24 conference. And those objections were then considered and rejected by the court in its approval of the proposed long-form and short-form notices (NYSCEF # 1257 at 1-2). Finally, insofar as Next or Wilhelmina intend to appeal the court's approval of the class notices, they are free to do so now (*Velasquez*, 267 AD2d at 230 [2d Dept 1999]; *Everitt*, 86 AD2d at 227).

Accordingly, for the foregoing reasons, it is hereby

ORDERED that defendant Next Management, LLC's motion to vacate is denied; and it is further

ORDERED that the temporary stay imposed in the court's order dated February 14, 2025 (NYSCEF # 1276) is vacated; and it is further

**653702/2013 SHANKLIN, ALEX vs. WILHELMINA MODELS, INC.**
**Motion No. 043**

**Page 5 of 6**

[* 5]

ORDERED that plaintiffs are directed to serve a copy of this order, together with notice of entry, upon defendants and the Clerk of the Court within 10 days of this order.

This constitutes the Decision and Order of the court.

| 3/5/2025 | | | | |
|---|---|---|---|---|
| DATE | | | MARGARET A. CHAN, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | **X** DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**653702/2013 SHANKLIN, ALEX vs. WILHELMINA MODELS, INC.**
**Motion No. 043**

Page 6 of 6

6 of 6

[* 6]